**Glenda KENNARD, Plaintiff,**

v.

**HARRIS CORPORATION, a foreign corporation, Sanders Data Systems Group, a foreign corporation, and Paradyne Corporation, a foreign corporation, Jointly and Severally, Defendants.**

**No. 89–CV–72946–DT.**

United States District Court,
E.D. Michigan, S.D.

Dec. 1, 1989.

Phoebe A. Corry, for plaintiff.

Kim A. Gasior and Keefe Brooks, Detroit, Mich., for Harris Corp.

Richard P. Smith, Detroit, Mich., for Paradyne Corp.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND CAUSE TO THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HACKETT, District Judge.

Plaintiff initiated the instant product liability action against defendants on August

25, 1989, in the Wayne County Circuit Court. The complaint alleges that defendants' negligence and breach of warranties caused plaintiff to incur permanent injuries which cause her pain, suffering, disability and mental anguish.

On October 4, 1989, defendants removed the action to this court pursuant to 28 U.S.C. § 1441, *et seq.* It is undisputed that diversity of citizenship exists among the parties in this suit. Plaintiff alleges, however, that the amount in controversy does not meet the $50,000.00 minimum requirement to vest this court with jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff thus moves for remand to the Wayne County Circuit Court.

"[T]he general rule [to determine jurisdiction pursuant to § 1332(a)] is that the amount claimed by a plaintiff in good faith controls unless it appears *to a legal certainty* that the claim is for less than the jurisdictional amount or unless the amount claimed is merely colorable." *Bennett v. E.F. Hutton Co., Inc.,* 597 F.Supp. 1547, 1561 (N.D. Ohio 1984), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) (emphasis supplied). In the instant matter, plaintiff has pled only that "... the amount in controversy exceeds $10,000.00, exclusive of interest and costs." Complaint, Count I, ¶ 14, Count II, ¶ 13. Nowhere does plaintiff plead or argue that her damages are less than $50,-000.00. Plaintiff has refused to stipulate that her damages are limited to that amount. Affidavit of Kim Adam Gastor, Exhibit A to Defendant Harris Corporation's Response to Motion to Remand. Accordingly, the complaint, which normally determines the amount in controversy to determine federal jurisdiction, is not dispositive in the instant suit. The court here cannot determine the amount in controversy from plaintiff's pleadings.

■ A defendant may remove a suit to federal court notwithstanding the plaintiff's failure to state an amount in controversy that establishes federal jurisdiction. *Mielke v. Allstate Insurance Co.,* 472 F.Supp. 851, 852–853 (E.D.Mich.1979).

Where the plaintiff's pleadings are insufficient to determine the amount in controversy, the court may consider the allegations of the petition for removal. *McCurtain County Production Corp. v. Cowett,* 482 F.Supp. 809, 813 (E.D.Okla.1978) and affidavits submitted in opposition to remand, *Smith v. Executive Fund Life Insurance Co.,* 651 F.Supp. 269, 270 (M.D.La.1986). The court may also "make an independent evaluation of the monetary value of the claim." *Id.,* citing *Rollwitz v. Burlington Northern Railroad,* 507 F.Supp. 582, 585 (D.Mont.1981). This court accordingly proceeds to make its own determination of the amount in controversy.

■ Plaintiff alleges that she sustained serious, permanent and progressing injuries that include pain, suffering, disability and mental anguish; loss of her voice and her ability to sing, and extreme humiliation and embarrassment. Plaintiff also claims to have incurred large sums of money for medical care and treatment and lost wages and loss of employability. She anticipates continuing medical expenses.

Defendant Harris Corporation requests that the court take judicial notice that Wayne County juries have been very liberal in awarding damages in product liability/personal injury lawsuits. Exhibit B of defendants' brief in opposition to plaintiff's motion to remand cites jury verdict results in Wayne County that have been published by the Detroit Bar Association. Those citations include nineteen products liability suits from 1986 through 1989 in which juries have awarded verdicts much larger than $50,000.00. "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 535, 66 L.Ed.2d 294 (1980), quoting *Granader v. Public Bank,* 417 F.2d 75, 82–83 (6th Cir.1969), *cert. denied,* 397 U.S. 1065, 90 S.Ct. 1503, 25 L.Ed.2d 686 (1970); *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310, 312 (7th Cir.1970). The court accordingly takes notice of those proceedings.

After careful review of the parties' pleadings and briefs in this matter, the

court finds that there is a probability that the amount in controversy exceeds $50,-000.00. It does not appear *to a legal certainty* that the claim is for less than that amount. *See St. Paul Mercury,* 303 U.S. at 288–289, 58 S.Ct. at 590; *Bennett,* 597 F.Supp. at 1561. Accordingly, plaintiff's motion to remand is DENIED.

IT IS SO ORDERED.