**Mary Lou PAKLEDINAZ, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION,**
**Defendant.**

**No. 90–7666.**

United States District Court, E.D. Michigan, S.D.

May 22, 1990.

Brian Carrier, Dearborn, Mich., for plaintiff.

John Mucha III, of Pepper, Hamilton & Scheetz, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

COHN, District Judge.

This is an employment discrimination case. Plaintiff Mary Lou Pakledinaz (Pakledinaz) filed this action in Wayne County, Michigan, Circuit Court, claiming that she was denied promotions and better job positions by defendant Consolidated Rail Corporation (Conrail) because she is a hispanic woman, in violation of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* On March 9, 1990, Conrail filed a Notice of Removal to United States District Court based on the parties' diversity of citizenship, 28 U.S.C. § 1441(a), 1332(a).

Pakledinaz moves to remand the case to state court, asserting that removal is improper because the matter in controversy does not exceed the sum or value of $50,-000 and because FELA actions filed in state court cannot be removed to federal court. Conrail responds that the case does involve more than $50,000 and that Pakledi-

naz has not raised a FELA claim. Because the Court agrees, Pakledinaz's motion is DENIED.

## I.

 Pakledinaz argues that although she alleged in state court that her claim was worth more than $10,000, she did not allege that it was worth more than $50,000. This seems somewhat disingenuous. Michigan Court Rule 2.111(B)(2) *prohibits* a demand for a specific amount above $10,000 in cases involving unliquidated damages. Because of that rule, a plaintiff like Pakledinaz can bring a claim in state court in a case that involves more than $50,000 and need only allege that the amount in controversy is greater than $10,000. If the defendant removes the case to federal court, the plaintiff can then move to remand, asserting that an amount greater than $50,000 has not been alleged, despite plans to seek more than $50,000 in damages in state court.[1] This appears to be precisely what Pakledinaz has in mind. Nowhere in her papers does she ever so much as hazard a guess as to what she thinks her claim might be worth, hoping to obtain a remand without limiting her potential damages to $50,000 or less. In response, the Court simply reminds Pakledinaz: *Ut placentam et edas et simul in manibus teneas non potest.*

Where the amount in controversy cannot be determined from the plaintiff's papers, the Court may look to the defendant's removal petition and papers filed in opposition to the motion to remand. *Kennard v. Harris Corp.*, 728 F.Supp. 453, 454 (E.D. Mich.1989); *see also Report, supra*, at 19–22. The Court may then make an independent evaluation of the value of the claim. *Kennard*, 728 F.Supp. at 454 (citations omitted). If it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount, the case can be remanded to state court. *Id.; Report, su-*

*pra* at 22. Here, Pakledinaz seeks damages to compensate her for denial of promotions and better job positions, for future medical and health costs, and for the psychological counselling she allegedly has been forced to undergo. Conrail asserts that Pakledinaz's complaint raises a claim for damages for emotional injuries and that damages for those injuries alone could easily exceed $50,000. The Court agrees and finds that the amount in controversy exceeds the $50,000 limit imposed by 28 U.S.C. § 1332(a).

## II.

 Pakledinaz also argues that removal is improper because it is prohibited by 28 U.S.C. § 1445(a), which specifically precludes removal of FELA actions brought in state court. In response, Conrail asserts that Pakledinaz has raised a Title VII claim, 42 U.S.C. §§ 2000e *et seq.*, not a FELA claim. The Court finds that Conrail is correct.

The FELA provides a federal remedy for railroad workers who suffer personal injuries as a result of the negligence of their employer or fellow servants. *Atchision, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561, 107 S.Ct. 1410, 1413, 94 L.Ed.2d 563 (1987). Pakledinaz's complaint includes the necessary elements of a FELA claim: that she was injured while in the scope of her employment; that her employment was in furtherance of the railroad's interstate transportation business; that her employer was negligent; and that her employer's negligence played some part in causing the injury. *See Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir.1985). However, the *type* of injury asserted by Pakledinaz is not the type of injury that the FELA was intended to address. "The FELA was not designed to create new substantive torts, but to protect railway workers in federal court from common law torts." *Griggs v. Nat'l Railroad*

---

1. The Court notes that this problem was foreseen by the Committee on the United States Courts of the State Bar of Michigan. *See* State Bar of Michigan, *Report of the Committee on the United States Courts: Implementation of the 1988 Amendment to the Amount in Controversy*

*Requirement of Federal Diversity and Removal Jurisdiction* 15–19 (1989) (hereinafter *Report*). However, after reexamining the rationale underlying MCR 2.111(B)(2), the Committee recommended against making a change.

*Passenger Corp.*, 900 F.2d 74, 75 (6th Cir. 1990). Pakledinaz's complaint alleges discrimination on the basis of sex and national origin. Because there was no tort of discrimination at common law, a circumstance which necessitated the enactment of Title VII, Conrail cannot be held liable *under the FELA* for the alleged discrimination. *Id.* As a result, the Court finds that 28 U.S.C. § 1445(a) does not apply to this case and holds that removal was proper.

SO ORDERED.