Thomas E. WORKMAN, Jr., Plaintiff,

v.

**KAWASAKI MOTORS CORPORATION, U.S.A. and Cheek Enterprises, Inc., Defendants.**

No. 90–0844–CV–W–9.

United States District Court, W.D. Missouri, W.D.

Oct. 24, 1990.

M. Randall Vanet, Kansas City, Mo., for plaintiff.

Raymond D. Gentile, Baker & Sterchi, Kansas City, Mo., for defendants.

## ORDER REMANDING CASE TO STATE COURT

BARTLETT, District Judge.

On May 4, 1990, plaintiff Thomas E. Workman initiated this personal injury action by filing a Complaint against defendants Kawasaki Motors Corporation, U.S.A. (Kawasaki) and Cheek Enterprises, Inc. in the Circuit Court of Clay County, Missouri. At the request of Kawasaki, this case was removed to the United States District Court for the Western District of Missouri, on the basis of diversity of citizenship. Plaintiff now moves to remand this case to the Circuit Court of Clay County, Missouri.

Plaintiff argues that federal subject matter jurisdiction is lacking because the amount in controversy is less than $50,000 exclusive of interest and costs. Plaintiff contends, through the affidavit of his attorney, that his case has a "value" of $40,000 to $44,000, which is less than the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332.

Defendant argues that plaintiff has alleged severe present and future injuries in his Complaint, but that, in compliance with the Missouri Rules of Civil Procedure, plaintiff did not state the amount of damages he seeks. Thus, defendant contends that the amount of damages that plaintiff may ultimately demand could exceed the jurisdictional amount.

Nonetheless, defendant submits a Stipulation executed by counsel for both parties. The Stipulation states:

1. Plaintiff hereby irrevocably agrees that the amount of damages claimed by him in this action is and will forever be less than $50,000.00 exclusive of interest and costs.

2. Plaintiff hereby irrevocably agrees to the entry of an order of court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to plaintiff in this case. This cap shall be set as $50,000.00 exclusive of interest and costs.

3. Plaintiff agrees, acknowledges, and understands that this stipulation is binding upon him and cannot be rescinded or revoked under any circumstance regardless of any development which may occur during the investigation, discovery, pretrial or trial of this action.

Relying on this stipulation, defendant states that it does not oppose remand of this case to state court "on the grounds that plaintiff has legally capped his damages at an amount below the jurisdictional amount."

Defendant argues that under *Kennard v. Harris Corp.*, 728 F.Supp. 453, 454–55 (E.D.Mich.1989), its reliance on the stipulation is justified. In *Kennard*, the plaintiff moved to remand the case alleging that the amount in controversy was less than $50,-000. However, plaintiff refused to stipulate that her damages were limited to less than $50,000. A fair inference from the decision is that the court would have accepted a stipulation that the amount in controversy was less than $50,000 and remanded the case. Without such a stipulation, the court did not believe that it could conclude that "to a legal certainty" the jurisdictional amount was less than $50,-000. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) ("[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

Here, the parties' Stipulation provides the legal certainty lacking in *Kennard*. Plaintiff states that he irrevocably agrees that the amount of damages claimed by him in this action "is and will forever be less" than $50,000 exclusive of interest and costs. Plaintiff acknowledges that the Stipulation is binding and cannot be rescinded regardless of "future developments." Furthermore, plaintiff's counsel states, by affidavit, that plaintiff's damages are less than $50,000.

Accordingly, I hereby find that to a legal certainty the amount of plaintiff's damages is less than $50,000 exclusive of interest and costs. Thus, under 28 U.S.C. § 1332, this court lacks subject matter jurisdiction over plaintiff's claim.

Because this court lacks subject matter jurisdiction, I am required, under 28 U.S.C. § 1447, to remand this case to the state court from which it was removed. Therefore, I will grant plaintiff's Motion to Remand.

Accordingly, it is hereby ORDERED that:

1) plaintiff's Motion to Remand is granted because plaintiff's damages are less than $50,000 exclusive of interest and costs; and

2) this case is remanded to the Circuit Court of Clay County, Missouri.