Alma Torreblanca **DE AGUILAR**, **et al., Plaintiffs,**

v.

**BOEING COMPANY, et al., Defendants.**

**No. 1:92CV014.**

United States District Court, E.D. Texas, Beaumont Division.

April 1, 1992.

694

Edward H. Green, Mitchell A. Toups, Weller Wheelus & Green, Beaumont, Tex., Dennis C. Reich, Reich & Binstock, Houston, Tex., for plaintiffs.

Howard Louis Close, Orgain Bell & Tucker, Beaumont, Tex., Richard C. Coyle, David J. Russell, Keith Gerrard, Perkins Coie, Seattle, Wash., Gerald Leigh Bracht, Mayor Day Caldwell & Keeton, Jad Jonathon Stepp, Eastham Watson Dale & Forney, Houston, Tex., George Steven McCall, G. Don Swaim, Kern & Wooley, Irving, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiffs sued the Boeing Company, the B.F. Goodrich Company, the Goodyear Tire and Rubber Company, Delta Airlines, Inc., and Parker Hannifin Corporation in state court for wrongful death and personal injuries arising from the March 31, 1986, crash of Mexicana Flight 940 near Mexico City. Defendants removed on the basis of diversity of citizenship. Plaintiffs now move to remand on the grounds that the amount in controversy is less than $50,000.

■ To justify remand to state court, the amount in controversy at the time of removal must appear to a legal certainty to be less than the jurisdictional amount. *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see also Barton v. Allstate Insurance Co.*, 729 F.Supp. 56, 57 (W.D.Tex. 1990); *Kennard v. Harris Corp.*, 728 F.Supp. 453, 454 (E.D.Mich.1989). Plaintiffs assert that affidavits filed after removal by their attorney purporting to limit their damages to $49,000 per plaintiff and settlement offers of $49,000 per plaintiff are sufficient to divest this court of jurisdiction. However, jurisdiction attaches at the time of removal, and subsequent events do not oust the court of jurisdiction. *St. Paul*, 303 U.S. at 289–90, 58 S.Ct. at 590–91; *see also Reisman v. New Hampshire Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir.1963).

■ In deciding whether a wrongful death action presents an amount in controversy within its jurisdiction at the time of removal, a court may look to damage awards in similar cases. *See Kennard*, 728 F.Supp. at 454. Plaintiffs seek damages for wrongful death and survival actions for the personal injuries of the decedents. Courts in Texas have rendered numerous judgments in excess of $50,000 in similar cases. *See, e.g., Douglass v. Delta Air Lines, Inc.*, 709 F.Supp. 745 (W.D.Tex. 1989); *Larsen v. Delta Airlines, Inc.*, 692 F.Supp. 714 (S.D.Tex.1988); *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630 (Tex. 1986); *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983); *Guzman v. Guajardo*, 761

S.W.2d 506 (Tex.App.—Corpus Christi 1988, no writ).

Plaintiffs rely on *Workman v. Kawasaki Motors Corp.*, 749 F.Supp. 1010 (W.D.Mo. 1990) for the proposition that an admission subsequent to removal can divest the court of jurisdiction. Plaintiffs' reliance is misplaced. In *Workman,* the amount in controversy was not in dispute. There, both parties stipulated that the amount in controversy was less than the court's jurisdictional amount, and the defendant did not oppose remand. The plaintiff and defendant irrevocably agreed that damages were less than $50,000.

The instant case presents different facts. First, the defendants here oppose remand, and the parties have entered no stipulations as to the amount in controversy at the time of removal. Second, the complaint names one hundred unknown plaintiffs who are not bound by the affidavit of plaintiffs' counsel. Third, plaintiff's counsel cannot compromise or agree to judgment on behalf of any minor beneficiaries of wrongful death suits without leave of court. *See* Tex.R.Civ.P. 44(2); *Lowery v. Berry*, 153 Tex. 411, 269 S.W.2d 795, 797 (1954).

Because this court finds that the amount in controversy was more than $50,000 per plaintiff at the time of removal, plaintiffs' motion to remand is DENIED.