851 F.Supp. 1476 (1994)
Tonya HARDING, Plaintiff,
v.
UNITED STATES FIGURE SKATING ASSOCIATION, a Colorado non-profit corporation, Defendant.
Oregonian Publishing Co., Third Party Intervenor.
CV No. 94-238-PA.
United States District Court, D. Oregon.
May 3, 1994.
*1477 *1478 Don H. Marmaduke, Tonkon, Torp, Galen, Marmaduke & Booth, Robert C. Weaver, Jr., Garvey, Schubert & Barer, Portland, OR, for plaintiff.
Thomas M. James, Holme, Roberts & Owen, L.L.C., Christopher Cipoletti, Hall & Evans, L.L.C., Colorado Springs, CO, Stephen F. English, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for U.S. Figure Skating Ass'n.
Charles F. Hinkle, Stoel, Rives, Boley, Jones & Grey, Portland, OR, for Oregonian Pub. Co.

OPINION
PANNER, District Judge.
Plaintiff Tonya Harding brought this diversity action for breach of contract against defendant United States Figure Skating Association, Inc. I enjoined defendant from holding a planned disciplinary hearing in Colorado on March 10, 1994. When the parties were unable to agree upon a new date for the disciplinary hearing, I extended that injunction to preclude defendant from holding the hearing prior to June 27, 1994. Defendant has now moved for reconsideration of my earlier ruling along with a motion to dismiss this action.[1] I grant both motions, though not for the reasons urged by defendant.

DISCUSSION
Defendant's memorandums exhibit some confusion as to the basis for my earlier decision. At the time this action was filed, plaintiff was a member of the defendant United States Figure Skating Association. Plaintiff paid her dues, and agreed to comply with the rules of that association. The parties mutually agreed to certain rules that would govern any disciplinary proceeding against a member of the association.
Defendant's bylaws provide that when disciplinary charges are filed against a member, that member has thirty days to file a reply. The bylaws further provide that "upon receipt of the reply, the Hearing Panel shall set a place and date for a hearing that is reasonably convenient for all parties." Article XXVII, § 3(c)(iv). Defendant violated this rule by unilaterally setting a time and date for the hearing that was just three days after the reply was due. Defendant acted contrary to its bylaws by setting the date before it received the reply. Furthermore, in view of the complexity of the charges, March 10 was not a date "reasonably convenient for all parties."
I reviewed in camera the evidence defendant intended to present at the disciplinary hearing. The evidence was complex, involving the actions of several dozen individuals over a period of weeks. The evidence included statements by alleged co-conspirators, each of whom may have had a motive to misrepresent plaintiff's role in this matter. Moreover, because the Rules of Evidence do not apply at this disciplinary hearing, the documents defendant proposed to use were replete with hearsay, newspaper clippings, conclusions, an anonymous letter, forensic opinions, affidavits, media interviews, and similar items that would not be admissible in a court of law. In addition, it was intimated that plaintiff's defense might include a form of the "battered wife" defense, which would require extensive investigation by experts and interviews with persons who have known plaintiff and her former husband over a period of many years. Finally, the Hearing Panel *1479 that would decide the charges against plaintiff was the same panel that acted as a de facto grand jury in the decision to file charges against plaintiff in the first place. Based on my fourteen years of experience as a trial judge, and thirty years of experience as a trial lawyer before taking the bench, it was immediately apparent that plaintiff could not possibly prepare a defense to those charge in the time allotted. The hearing date established by defendant was not "reasonably convenient for all parties," as required by defendant's bylaws.
When one party to a contract is given discretion in the performance of some aspect of the contract, that discretion must be exercised in good faith. See, e.g., Best v. U.S. National Bank, 303 Or. 557, 739 P.2d 554 (1987). Colorado, where defendant is incorporated, recently adopted a similar view. Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc., 872 P.2d 1359 (Colo.App.1994) (appeal pending). The date set by defendant was arbitrary and manifestly unreasonable, and would severely prejudice plaintiff's chances of obtaining a fair hearing. Plaintiff immediately advised defendant that this date was not convenient and requested an extension of time. Defendant denied the request because it wanted to conduct the hearing prior to the World Championships so it could remove plaintiff from the United States delegation for that event. Plaintiff then exhausted her internal appeals within the association before filing this action for injunctive relief.
The courts should rightly hesitate before intervening in disciplinary hearings held by private associations, including the defendant United States Figure Skating Association. Intervention is appropriate only in the most extraordinary circumstances, where the association has clearly breached its own rules, that breach will imminently result in serious and irreparable harm to the plaintiff, and the plaintiff has exhausted all internal remedies. Even then, injunctive relief is limited to correcting the breach of the rules. The court should not intervene in the merits of the underlying dispute.
This is one of those rare cases where judicial intervention was appropriate. It appeared at the time that had defendant not been enjoined from holding the hearing on March 10, plaintiff would have suffered serious irreparable harm. Defendant argued that the matter was not ripe because the outcome of the hearing was unknown. If the only issue was whether plaintiff should have been allowed to skate in the World Championships in Japan later that month, defendant's point might have been well taken, since injunctive relief could still be sought at the conclusion of the disciplinary hearing. In this particular case, however, merely holding the hearing on March 10 would have caused plaintiff to suffer irreparable harm. In order to maintain her right to contest the decision of the Hearing Panel, plaintiff would have been obliged to appear before the panel and prematurely present her defense without having adequate time to prepare for that hearing. If the Hearing Panel found her guilty as charged, the resultant publicity could have severely prejudiced her chances for a fair trial in any future criminal case. Plaintiff would also have been obliged to decide upon and publicly disclose a defense strategy for both the civil and criminal matters before she had time to conduct full discovery and interview witnesses. Finally, the entire testimony, including information that has heretofore not been made public, would inevitably have been leaked to the media, despite defendant's best intentions to maintain the confidentiality of the proceedings, thereby further poisoning plaintiff's chance of obtaining a fair trial in the criminal proceeding. Under the circumstances, plaintiff's attorneys might well have advised their client not to attend the hearing. In that case, plaintiff would likely have forfeited any right to contest the results of the hearing. Her failure to contest the charges would have also resulted in her being found guilty in the court of public opinion.
I rejected plaintiff's suggestion that the disciplinary hearing be postponed until after resolution of the criminal charges against her. Defendant is a private association, not a governmental body. San Francisco Arts & Athletics, Inc. v. United States Olympic Committee, 483 U.S. 522, 543-45, 107 S.Ct. 2971, 2984-86, 97 L.Ed.2d 427 (1987). Plaintiff's constitutional right against self-incrimination is not implicated unless she is compelled to testify either before or by a governmental body.
I nonetheless concluded that plaintiff was entitled to additional time to prepare for the hearing. The harm to plaintiff greatly *1480 outweighed the harm to defendant from postponing the hearing. Defendant has an interest in enforcing its rules and promptly disciplining violators, and ensuring that only qualified skaters represent the United States at the World Championships. However, the United States Olympic Committee ("USOC") charter requires that resolution of disputes be both swift and equitable. 36 U.S.C. § 382b. In this case, equity was sacrificed for speed. Plaintiff exhausted all her internal remedies before filing suit. Defendant's bylaws provide for accelerated binding arbitration, but only to review the decision of the Hearing Panel after it finds plaintiff guilty and orders she be expelled from the Figure Skating Association. In most cases that would have been sufficient to protect the member's interests. This case was the exception. Defendant's bylaws do not provide for emergency arbitration of a dispute as to the timing of the disciplinary hearing. Under the unique circumstances of this case, which included the circus atmosphere generated by an international media frenzy, the complexity of the accusations against plaintiff, and the close connection between the disciplinary proceeding and possible criminal charges against plaintiff, defendant's internal remedies were inadequate to prevent the imminent injury to plaintiff.
Defendant's motion for reconsideration asserts that I lack subject matter jurisdiction because there is no private right of action under the Amateur Sports Act ("ASA"), 36 U.S.C. § 371 et seq. Oldfield v. Athletic Congress, 779 F.2d 505 (9th Cir.1985). However, since this is an action for breach of contract, jurisdiction was founded upon diversity, not the ASA. Next, defendant argues that 36 U.S.C. § 374(3) vests the USOC and its officially recognized national governing bodies, such as defendant, with exclusive jurisdiction over amateur athletics. In fact, that section refers only to participation of the United States in the Olympic Games and Pan-American Games, neither of which are implicated here. Moreover, I did not order defendant to include plaintiff as a member of the United States delegation to the World Championships, or take any position upon the merits of the disciplinary proceeding. I merely ordered defendant to comply with the requirement in its own bylaws that the hearing be set at a time reasonably convenient for all parties, thus ensuring plaintiff could obtain a fair hearing.
Defendant also argues that the Figure Skating Association's bylaws provide an exclusive administrative procedure for resolution of disputes. However, that procedure works only so long as defendant follows it. Defendant's argument boils down to an assertion that plaintiff has no remedy even if defendant refuses to follow its own procedures. I disagree. The procedures governing disciplinary hearings are binding upon both the Figure Skating Association and its members. Defendant's reliance upon Judge Kinneary's opinion in Reynolds v. The Athletics Congress of the USA, Inc., 1991 WL 179760 (S.D.Ohio 1991), judgment vacated, 935 F.2d 270 (6th Cir.1991), is misplaced. The plaintiff in Reynolds still had remedies available to him that might have prevented the threatened harm. Here, the harm to plaintiff did not flow solely from the penalty that might be imposed following the decision of the hearing panel, but rather from the premature hearing itself. Plaintiff exhausted all available remedies with respect to the hearing date.
Defendant also contends that since I have enjoined the March 10 hearing, there has been no violation of the Association's bylaws, no damages can be awarded, and the complaint must therefore be dismissed for lack of subject matter jurisdiction or failure to state a claim. Plaintiff brought this action in state court. The claim did not state the amount of damages sought, perhaps in an effort to avoid diversity jurisdiction. Defendant nonetheless removed it to federal court, asserting that the amount in controversy exceeded $50,000. A defendant may remove a suit to federal court notwithstanding the plaintiff's failure to state an amount in controversy. Kennard v. Harris Corp., 728 F.Supp. 453 (E.D.Mich.1989). Remand is not proper unless it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 790 F.Supp. 693, 694 (E.D.Tex.1992). When the plaintiff's pleadings are silent, the court may look to the petition for removal or awards in similar cases in order to place a value on the amount in controversy. Kennard, 728 *1481 F.Supp. at 454; Richman v. Zimmer, Inc., 644 F.Supp. 540 (S.D.Fla.1986).
Although the complaint did not specify the amount of damages sought, the petition for removal asserted the value of the right in question was over $50,000, and that allegation was supported by awards from other cases (e.g., a jury recently awarded Butch Reynolds $27,000,000 in a dispute over his eligibility for the Olympic games). Defendant also reminded this court that when plaintiff sued the United States Olympic Committee several months ago, she valued the right to skate at over twenty million dollars. Having persuaded this court that the diversity threshold had been crossed, defendant can not change its tune and assert that the amount in controversy was not over $50,000. Although it now appears that there will be no occasion for an award of damages, that fact does not deprive this court of jurisdiction. Jurisdiction attaches at the time of removal and subsequent events cannot deprive the court of jurisdiction. St. Paul, 303 U.S. at 292-93, 58 S.Ct. at 591-92. Even if it later appears that an award of damages will not be forthcoming, the district court may retain jurisdiction to grant injunctive relief or to enforce its judgments. Retention of jurisdiction would also be proper if there remained any imminent threat of harm to plaintiff.
Although I conclude this court has jurisdiction and the injunction was properly issued, I now grant defendant's motion for reconsideration because the circumstances requiring the injunction no longer exist. Plaintiff has resigned from the Figure Skating Association and pled guilty to the criminal charges. A disciplinary hearing has been set for June 29, a date that is reasonably convenient for all parties in accordance with defendant's bylaws. There is no reason to exercise continued jurisdiction over this matter, or to enjoin defendant any longer than absolutely necessary. Any intervention by the courts in the internal affairs of the Figure Skating Association should be restricted to that necessary to vindicate the rights at issue. Accordingly, the injunction dated March 31, 1994 is vacated, and the action dismissed as moot.
NOTES
[1] While the motion for reconsideration was pending, defendant filed a notice of appeal with the Ninth Circuit. A timely filed motion for reconsideration under a local rule of an order granting or denying a preliminary injunction is considered a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e). Bestran Corp. v. Eagle Comtronics, Inc., 720 F.2d 1019 (9th Cir. 1983). In accordance with the 1993 amendments to the Federal Rules of Appellate Procedure, a notice of appeal filed either before the filing of a motion specified in Fed.R.App. 4(a)(4), or while such motion is pending, is suspended until the motion is disposed of. Fed.R.App.P. 4(a)(4), advisory committee notes to 1993 Amendment. The appeal was therefore stayed, and this court retained jurisdiction to decide the pending motion.