Neal T. FAASEN, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
COMPANY, Defendant.

No. 1:93–CV–118.

United States District Court,
W.D.Michigan,
Southern Division.

April 6, 1995.

Lawrence Korolewicz and Mark J. Colon, Tolley, Vandenbosch & Walton, P.C., Grand Rapids, MI, for defendant.

Adna H. Underhill, Gary J. McInerney, P.C., Grand Rapids, MI, for claimant.

## OPINION

QUIST, District Judge.

This case was originally filed in the Circuit Court for Kent County, Michigan. In his original complaint, plaintiff, Neal T. Faasen, alleged that on November 4, 1991, his home located at 836 Broadway, N.W., Grand Rapids, Michigan, burned to the ground and was a total loss. He also alleged that the contents of the building were either destroyed or severely damaged by the fire. Plaintiff claimed that his loss was covered by State Farm Insurance Policy No. 22–B2–4623–1. Defendant State Farm Fire and Casualty Company (State Farm Fire) refused to pay the loss and Mr. Faasen filed suit.

On February 16, 1993, State Farm Fire filed a notice of removal with this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. In support of the removal, State Farm Fire alleged that this Court has original diversity jurisdiction under 28 U.S.C.

§ 1332. Paragraph 3(d) of the Notice of Removal states as follows:

> Plaintiff's claim of loss submitted to Defendant State Farm is as follows: real property, $40,900; contents, $30,792.19; lost rent, $1,000; and additional living expense, $1,000. If all of defendant's defenses fail and if plaintiff proves his damages, those damages will exceed $50,000 exclusive of costs and interest.

In its answer, State Farm Fire admitted that "it issued policy no. 22–B2–4263–1 [sic] to plaintiff regarding the dwelling at 836 Broadway, N.W., Grand Rapids, Michigan." Defendant's Answer at p. 2. State Farm Fire also filed affirmative defenses and alleged that the fire was caused by the intentional act of plaintiff. State Farm Fire's policy no. 22–B2–4623–1 contains an intentional acts exclusion which, according to State Farm Fire, bars recovery in this case. "As the loss which damaged or destroyed the premises located at 836 Broadway, N.W., Grand Rapids, Michigan, was intentionally set or procured by Neal T. Faasen, the Plaintiff's claims are barred." Defendant's Affirmative Defenses at p. 2. State Farm Fire also alleged in its affirmative defenses as follows:

> State Farm policy No. 22–B2–4623–1 provides for replacement cost coverage, such that the insured would be reimbursed by State Farm for costs and replacing damaged property rather than receiving only the actual cash value for the property at the time of the loss.
>
> To the extent that Plaintiff is entitled to any insurance proceeds arising from the fire that destroyed the premises and contents located at 836 Broadway, N.W., Grand Rapids, Michigan, which is expressly denied by Defendant, Plaintiff is not entitled to replacement costs unless Plaintiff has repaired, rebuilt, or replaced the dwelling and personal property.

In the Joint Status Report filed on November 24, 1993, both parties agreed that there was complete diversity of citizenship and that the amount in controversy exceeded $50,000. In the statement of the case, both parties agreed that the action arose out of a fire which extensively damaged the residence of plaintiff located at 836 Broadway, N.W., Grand Rapids, Michigan on November 4, 1991, and that at the time of the fire, "the premises were insured under State Farm Fire and Casualty Company's homeowners policy no. 22–B2–4623–1." Joint Status Report at p. 2. Paragraph (F) of the Joint Status Report states "[t]he parties do not intend to join any additional parties. The parties would expect to file any motions to amend the pleadings 15 days after the close of discovery." At the Rule 16 conference, both parties assured this Court that the jurisdictional threshold was met. Paragraph 2 of this Court's Case Management Order dated December 3, 1993, states that joinder of parties and amendment of pleadings is "Closed."

The proposed Final Pretrial Order lists plaintiff's claimed damages as follows (excluding interest):

> Plaintiff claims damages in the following amount for loss of property located at 836 Broadway—$40,000. For contents lost in the fire on November 4, 1991 at 836 Broadway, N.W., Grand Rapids, MI—$20,000. Thirty-two months loss of rental at $600 per month—$19,200. Debris removal from property after the fire on November 4, 1991—$5,000. Total of $84,200 in damages.

Final Pretrial Order at p. 11.

On July 6, 1994, defendant filed a motion in limine to limit plaintiff's damages. For the first time in this litigation, State Farm Fire pointed out that policy no. 22–B2–4623–1 is a "Homeowner's Policy—Tenant's Form 4." The relevant coverage portion of this policy is as follows:

SECTION I

| B | PERSONAL PROPERTY | $ 26,000 |
| C | LOSS OF USE | ACTUAL LOSS SUSTAINED |

Policy 22–B2–4623–1 does not cover damage to or loss of the house. Defendant's motion in limine does not mention any policy covering the house.

The Final Pretrial Conference in this case was held on February 13, 1995. During the Final Pretrial Conference, this Court was informed *for the first time* that there were

actually *two* policies of insurance relative to 836 Broadway, N.W. Policy no. 22–B2–4623–1, the policy identified in plaintiff's complaint, was issued by State Farm Fire, and covers only personal property and loss of use. The policy which covers the house was issued by State Farm General Insurance Company (State Farm General) as policy no. 92–03–4628–2 which is a "Rental Dwelling Special Form". The coverage limits on this policy are as follows:

SECTION I

| | | | |
|---|---|---|---|
| A | DWELLING | $ | 40,900 |
| | DWELLING EXTENSION | $ | 4,090 |
| B | PERSONAL PROPERTY | $ | 5,110 |
| C | LOSS OF RENTS | | ACTUAL LOSS |

When informed at the Final Pretrial Conference that plaintiff wished to pursue a claim for damage to the house, this Court gave plaintiff's counsel the opportunity to file a motion for leave to amend the complaint and gave defendant an opportunity to respond. This Court also requested counsel to brief this Court on whether this Court had jurisdiction. State Farm Fire briefed this issue, but plaintiff did not. This Court now has before it plaintiff's Motion For Leave To File Amended Complaint and a proposed Amended Complaint. The proposed Amended Complaint seeks to allege a claim against State Farm General on policy no. 92–034628–2.

In support of his motion to amend, plaintiff cites that portion of Fed.R.Civ.P. 15(a) which provides that leave to amend shall be freely given when justice so requires. The plaintiff also argues that if leave to file an amended complaint is granted, it should relate back to the filing of the initial complaint on January 21, 1993, pursuant to Fed.R.Civ.P. 15(c).

The defendant opposes the motion for leave to amend. It points out that State Farm Fire and State Farm General are separate legal entities. This Court's Case Management Order provided that the period for joinder of parties and amendment of pleadings was closed as of December 3, 1993. The defendant also argues that the proposed Amended Complaint cannot relate back to the original filing because the amendment adds a new party to the litigation who has not received proper notice of the original complaint.

Defendant has filed several letters which were sent to the plaintiff shortly after the fire in 1991, which clearly show the existence of two separate policies covering the premises. These letters also show that State Farm was handling the claims under different claim numbers. However, both State Farm companies were represented by the same claim specialist, Richard Kleynenberg. Plaintiff himself completed two separate Sworn Statement In Proof Of Loss forms corresponding to two separate policy numbers, one for State Farm Fire and one for State Farm General. Each of these statements contains identical information and numbers. On January 23, 1992, plaintiff was sent two letters, one from State Farm Fire and one from State Farm General, each denying plaintiff's claims. Both letters were signed by Richard A. Hay, Claim Superintendent.

■ It has become clear that the plaintiff would like to assert two separate claims, against two separate insurance companies. One claim would be against State Farm General for breach of policy no. 92–03–4628–2. Another claim would be against State Farm Fire on policy no. 22–B2–4623–1. This Court is now faced with the problem that the action removed to this Court, standing alone, does not reach this Court's jurisdictional threshold of over $50,000. Paragraph 3(d) of the removal petition shows that State Farm Fire had to include damage to the house and lost rents, which were not covered under the State Farm Fire policy, in order to meet the jurisdictional threshold. This Court cannot aggregate the plaintiff's two claims against two separate insurers in order to meet the jurisdictional threshold even if the losses arise out of the same occurrence. *Ex parte Phoenix Ins. Co.*, 117 U.S. 367, 6 S.Ct. 772, 29 L.Ed. 923 (1886); *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11 (5th Cir.1961). The claim against each party must stand on its own.

■ This Court has "an ever present obligation" to satisfy itself that it has subject matter jurisdiction. E.g., *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742 (3d Cir.1995). This Court must decide whether the case against State Farm Fire should be remanded to state court. A case should not

be remanded unless it can be shown to a legal certainty that a claim is for less than the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In this particular case, the complaint filed in state court did not, on its face, disclose an amount in controversy in excess of $50,000. At the time of removal, it was up to State Farm Fire to show all the requisite factors of diversity jurisdiction, including the amount in controversy. The burden rests on the defendant in a removal action to prove that the amount in controversy is sufficient. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921). A defendant seeking removal may meet that burden by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). If a claim for relief is not colorable, so that it is plain that the requisite jurisdictional amount is not in controversy, an attempted removal does not confer federal jurisdiction. *Ross v. Inter–Ocean Ins. Co.,* 693 F.2d 659 (7th Cir.1982).

■ Whether this case should be remanded depends upon whether (i) a good faith claim of sufficient amount was made in the petition for removal and subsequent events reduced the amount below the statutory requirement *or* (ii) there have been subsequent revelations that show, in fact, the required amount was not in controversy at the commencement of the action. *Jones v. Knox Exploration Corp.,* 2 F.3d 181, 182–83 (6th Cir.1993). If the answer is situation (i), this Court has jurisdiction. If the answer is situation (ii), this Court does not have jurisdiction and the case must be remanded to state court. Or, as stated in *Ross,*

> if it is obvious to the district court or the court of appeals that the defendant knew from the outset that the jurisdictional minimum was not present, the case must be remanded.

693 F.2d at 663.

As shown earlier in this Opinion, State Farm Fire and State Farm General documented the claims separately, but the same claims' personnel handled both claims. State Farm Fire's current attorney investigated the claims before they were denied. What plaintiff knew regarding the two separate policies, coverages, and losses was also known to State Farm Fire and State Farm General at the time the Petition for Removal was filed. *See Ross,* 693 F.2d at 662.

Nevertheless, State Farm Fire states as follows:

> Through the mediation process and statements made by plaintiff's counsel in late May, 1994, it became evident that Faasen sought damages different from, and in excess of, the limits of State Farm Fire & Casualty Company policy no. 22–B2–4623–1.

Defendant's brief in Response to Plaintiff's Motion for Leave to Amend at p. 4. The damages "different from and in excess of" are the $40,000 "for the loss of the dwelling and real property." Brief In Support of Defendant's Motion In Limine To Limit Plaintiff's Damages at p. 3.

Since State Farm Fire purportedly did not discover this $40,000 claim for damage to real property and claim for lost rent until this litigation was well under way in this Court, one wonders upon what basis State Farm Fire asserted in its removal petition that plaintiff was seeking damage to the real property in the amount of $40,900 and for lost rent in the amount of $1,000. State Farm Fire's policy did not cover loss to real property or lost rent. What is the "claim of loss" for "real property, $40,900" referred to in State Farm Fire's removal petition if not the claim of loss submitted to State Farm General. This Court believes that at the time it filed its Notice of Removal, State Farm Fire knew that plaintiff had not stated a claim against *it* for loss of the house and, therefore, had not stated a claim against it in excess of $50,000. But even (or especially)[1] taking State Farm Fire at its word as to when it discovered that plaintiff was seeking

---

**1.** State Farm Fire's representation of relatively recent discovery that plaintiff is seeking recovery for loss of the house would be a conclusive admission that State Farm Fire believed that plaintiff was not seeking recovery for loss of the house in his original complaint or at the time of removal.

damages for loss of his house, the following things were true at the commencement of the action and at the time of removal: (1) plaintiff was seeking to recover for loss of his house from someone; (2) plaintiff could not recover for loss of his house from State Farm Fire under any theory; (3) the amount in controversy between plaintiff and State Farm Fire has never exceeded $50,000 because loss of the house is necessary in order for the amount in controversy to reach $50,-000. These things are still true.[2]

For the reasons stated above, this Court concludes that this case is not one wherein subsequent events reduced the amount in controversy to less than $50,000. Instead, the subsequent, last minute revelation of a separate policy issued by State Farm General which covers the house shows, in fact, that the required amount was not in controversy at the commencement of the action or time of removal. Therefore, this Court never had subject matter jurisdiction, and this case must be remanded pursuant to 28 U.S.C. § 1447(c). *See Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977).

---

**2.** Giving open-ended damages for "lost rent" does not increase the possible loss over $50,000. The State Farm Fire policy does not cover loss of rent. State Farm General's policy covers loss of rent. The State Farm Fire policy does cover "loss of use" which is defined as either additional living expenses if the premises become uninhabitable and/or loss of fair rental value for that portion of the premises leased to others. Exhibit A attached to State Farm Fire's Motion in Limine to Limit Plaintiff's Damages. Plaintiff claims a loss of $600 per month under this provision. The State Farm Fire policy states that payment under this provision shall not exceed 12 months. Thus, even if plaintiff were to receive $600 a month, his loss of use under the State Farm Fire policy would be limited to $7,200. (12 × $600 = $7,200.) However, plaintiff claims he is entitled to additional damages for breach of contract pursuant to *Salamey v. Aetna Cas. & Surety Co.*, 741 F.2d 874 (6th Cir.1984). In *Salamey*, extracontractual damages were permitted because the insurer refused to pay on a fire insurance policy covering the premises, and payment would have permitted the insured to rebuild. Arguably, plaintiff might have a claim under a *Salamey* theory for damages in excess of $7,200 under the

policy insuring the dwelling (State Farm General's policy no. 92–03–4628–2). However, there is no such colorable claim under the policy covering the contents (State Farm Fire's policy no. 22–B2–4623–1). Under the State Farm Fire policy, immediate payment of the full face amount of the policy would not have enabled plaintiff to rebuild the house. The policy did not cover the house; it covered the house's contents. From the inception of this case, plaintiff has presented confusing and ill-conceived positions. Even yet, he does not recognize (or for tactical reasons has ignored) the distinction between the two policies. For example, plaintiff's continuing use of the term "loss of rent" in this case indicates that plaintiff has *always* been seeking recovery for this item under the State Farm General policy which is the only policy that provides coverage for "Loss of Rents."

In addition, at the time of removal it was clear to a legal certainty that plaintiff would not recover on the remaining counts in his complaint as they were not recognized by Michigan law. These counts have been dismissed pursuant to a Stipulation For Entry of Partial Summary Disposition filed July 2, 1993.