**Sharon Denise THOMPSON, Plaintiff,**

v.

**Donald Lee FRITSCH and Schneider Specialty, Defendants.**

**No. 96–CV–75592–DT.**

United States District Court, E.D. Michigan, Southern Division.

June 25, 1997.

Gerald H. Acker, Southfield, MI, for Plaintiff.

Renee S. Siegan, Southfield, MI, for Defendants.

### OPINION AND ORDER REMANDING CASE TO WAYNE COUNTY CIRCUIT COURT

DUGGAN, District Judge.

On September 6, 1996, plaintiff filed her first amended complaint in the Wayne County Circuit Court claiming that as a result of a motor vehicle accident, she suffered injuries which she attributed to the negligence of defendants.

On December 11, 1996, defendants removed this action to this Court. In their notice of removal, defendants asserted,

5. That the amount in controversy in said action, exclusive of interest and costs, exceeds the jurisdictional limits of this Court. If plaintiff contends that the amount in controversy does not exceed the jurisdictional limits of this Court, then the defendants request that plaintiff stipulate to that effect on the record.

On June 6, 1997, plaintiff filed with this Court "Plaintiffs Admission that the Jurisdiction is Less Than Fifty Thousand ($50,-000.00) Dollars."

At the time plaintiff filed this admission there was pending before this Court, defendants' motion for summary judgment which was filed on April 30, 1997. On May 19,

1997, plaintiff filed a response to defendants' motion for summary judgment.

■ Despite the fact that the motion for summary judgment has been briefed by both parties, this Court must first determine whether it has jurisdiction over this case before it may entertain defendants' dispositive motion. If it does not have jurisdiction, it is a futile effort for this Court to hear and decide the motion for summary judgment.

> Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Fed.R.Civ.P. 12(h)(3).

> [T]he issue of subject matter jurisdiction is threshold to the court's authority to invoke its jurisdiction to proceed with an action. Subject matter jurisdiction may be contested at any and all stages of the proceedings, even after judgment and may be addressed by the court sua sponte.

Stone v. William Beaumont Hospital, 782 F.2d 609, 613, fn. 3 (6th Cir.1986).

■ In removing an action to this Court, the burden is on the moving party to prove that it is "more likely than not" that plaintiff's claims meet the federal amount-in-controversy requirement. Gafford v. General Electric Company, 997 F.2d 150, 158 (6th Cir.1993).

> Local Rule 81.1(b) provides:

> (b) In removing a case to this Court on the basis of diversity of citizenship, the removing defendant shall allege in the notice of removal that the amount in controversy exceeds $50,000, exclusive of interest and costs, and shall set forth such facts (or other reasons) as the removing defendant then has in its possession which support that proposition. If the removing defendant has no facts at that time, it shall so state.

■ Defendants' Notice of Removal fails to set forth any basis whatsoever for concluding that plaintiff's claim meets the jurisdictional amount. Furthermore, this Court, having had the opportunity to examine the information relating to plaintiff's injuries contained in the briefs in support of and in opposition to the motion for summary judgment, is satisfied that at the time of removal, plaintiff's claim did not meet the jurisdictional amount-in-controversy.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $50,000, but also facts, underlying defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $50,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction.

Barber v. Albertsons, Inc., 935 F.Supp. 1188,-1192 (N.D.Okla.1996).

■ In Laughlin v. Kmart Corp., the Tenth Circuit stated:

> The amount in controversy is ordinarily determined by the allegations of the complaint or where they are not dispositive, by the allegations in the notice of removal. (Citation omitted). The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds $50,000. (Citation omitted). Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.1995).

Since defendant has presented no evidence whatsoever to meet its burden that, at the time of removal, plaintiff's claims met the federal amount-in-controversy requirement, this Court concludes that it lacks subject matter jurisdiction over this case and the case must therefore be remanded to the Wayne County Circuit Court.

For the reasons set forth above,

**IT IS ORDERED** that this case is hereby **REMANDED** to the Wayne County Circuit Court.