NATIONAL NAIL CORP., a Michigan Corporation, Plaintiff,

v.

Thomas MOORE, an individual, Defendant.

No. 1:01–CV–218.

United States District Court,
W.D. Michigan,
Southern Division.

April 13, 2001.

Robert J. Jonker, Lori Lynn Gibson, Warner, Norcross & Judd LLP, Grand Rapids, MI, for Plaintiff.

Richard A. Gaffin, Andrew T. Blum, Miller, Canfield, Paddock & Stone, PLC, Grand Rapids, MI, for Defendant.

## OPINION

ENSLEN, Chief Judge.

This matter is before the Court on Plaintiff's Motion for Remand pursuant to 28 U.S.C. § 1447(c). Plaintiff alleges that Defendant did not meet his burden of proving that the amount in controversy exceeded $75,000 when Defendant removed this case.

Plaintiff seeks to enjoin Defendant, a former employee, from violating the terms of a non-competition agreement Defendant entered into while employed by Plaintiff. Plaintiff filed a lawsuit in Kent County Circuit Court on March 23, 2001, seeking preliminary and permanent injunctive re-

lief as well as a temporary restraining order. Plaintiff feared that Defendant, who now works for Plaintiff's competitor, would cause Plaintiff irreparable harm by violating an Employment Agreement Defendant signed.

The Employment Agreement states that: (1) for 18 months, Defendant is precluded from soliciting or contacting any customer to whom Plaintiff has provided goods or services since September 1999; (2) for 12 months, Defendant is prohibited from soliciting any of Plaintiff's employees; (3) Defendant is prohibited from removing, retaining, copying, or utilizing any confidential, privileged information or property of Plaintiff or its customers; and (4) Defendant is prohibited from otherwise violating the Employment Agreement.

On March 26, 2001, the Kent County Circuit Court entered a temporary restraining order. The Kent County Court also ordered Defendant to appear before it to show cause why a preliminary injunction should not issue. On April 9, 2001, the same day on which the show cause hearing was to occur, Defendant filed a Notice of Removal in this Court based on diversity jurisdiction.

Plaintiff then filed a Motion for Extension of the Temporary Restraining Order and Order to Show Cause. On April 9, 2001, this Court granted Plaintiff's Motion for Temporary Restraining Order. This Court's Temporary Restraining Order remains in effect until a hearing of Plaintiff's Motion for Preliminary Injunction is conducted on April 16, 2001.

On April 11, 2001, Plaintiff faxed the instant Motion to Remand to the Court. Because the Court must have jurisdiction over this case before it can enter a binding preliminary injunction, the Court phoned Defendant and indicated it needed a response by close of business on April 12, 2001. Defendant filed a Brief in Opposition within the allotted time.

Plaintiff argues that Defendant has not shown that the amount in controversy meets the statutorily required amount of $75,000.[1] In his Notice of Removal, Defendant simply states: "Based upon the allegations in the Complaint, Plaintiff alleges damages in excess of Seventy–Five Thousand dollars ($75,000)."

■ The Sixth Circuit has held that federal jurisdiction in a diversity case is determined as of the time of removal. *See Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453 (6th Cir.1996). Thus, in reviewing a motion to remand, a court looks to "whether the action was properly removed in the first place." *Id.* (citing *Fakouri v. Pizza Hut of Am., Inc.,* 824 F.2d 470, 472 (6th Cir.1987)).

■ In addition, the Sixth Circuit had held that where a plaintiff seeks to recover an unspecified amount, as is the case here, the removing defendant must show that a probability exists that the amount in controversy exceeds the federal requirement or that it could exceed the federal requirement. *See Gafford v. Gen'l Elec. Co.,* 997 F.2d 150, 158 (6th Cir.1993) (citations omitted); *see also Thompson v. Fritsch,* 966 F.Supp. 543, 545 (E.D.Mich.1997).

In *Thompson,* the court remanded the case to the state court because that defendant's notice of removal failed to set forth a basis for concluding that plaintiff's claim met the jurisdictional amount. *See Thompson,* 966 F.Supp. at 545. In his notice of removal, the defendant in *Thompson* simply stated: "the amount in controversy in said action ... exceeds the jurisdictional limits of this Court." *Id.* at 544. The *Thompson* court looked to

---

**1.** 28 U.S.C. § 1332(a).

*Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir.1995) for guidance.

■ The *Laughlin* Court stated that the amount in controversy is usually determined by the allegations of a complaint. *See Laughlin,* 50 F.3d at 873. If the complaint is not dispositive, a court looks to the allegations in the notice of removal. *See id.* (citations omitted). The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute. *See id.* (citations omitted). The *Laughlin* Court also stated that a presumption against removal jurisdiction exists. *Id.*

In *Laughlin,* the plaintiff's state petition alleged that the amount in controversy was in excess of $10,000 for each of two claims. *Id.* The defendant in *Laughlin* merely attached the plaintiff's petition as an exhibit. *Id.* In *Laughlin,* the defendant also set forth facts of jurisdiction in its brief supporting removal but failed to include any of these facts in its notice of removal. The *Laughlin* court held this was not sufficient to meet the defendant's burden of proving diversity jurisdiction on the face of its removal notice. *Laughlin,* 50 F.3d at 874.

Defendant argues that a case should not be remanded unless it can be shown to a legal certainty that a claim is for less than the jurisdictional amount. *See Faasen v. State Farm Fire and Cas. Co.,* 886 F.Supp. 625, 627 (W.D.Mich.1995) (citations omitted). The facts of *Faasen* are significantly different than the facts of this case, and *Faasen* is distinguishable from the instant case.

In *Faasen,* the plaintiff was suing the defendant insurance company after sustaining a loss of his home. *Faasen,* 886 F.Supp. at 625. The defendant's notice of removal alleged the requisite jurisdictional amount in controversy by stating the plaintiff's claim of loss, including numerical values. *Id.* at 626. At a Final Pretrial Conference and after both parties agreed that complete diversity existed, the Court was informed that two relevant insurance policies existed. *Id.* at 626–27. It became clear to the Court that the plaintiff was asserting two separate claims, and the Court would have been forced to aggregate these claims to reach the jurisdictional amount in controversy. *Id.* at 627. The Court, of course, could not aggregate the plaintiff's claims in this manner. *Id.* In this case, Defendant did not make the same type of factual allegations in his Notice of Removal as the defendant in *Faasen.* In fact, Defendant made no factual allegations of the amount in controversy and merely stated a conclusion that the amount was reached. Furthermore, the *Faasen* court still placed the burden on the defendant to show the amount in controversy. *Faasen,* 886 F.Supp. at 628.

Defendant also argues that if Plaintiff's pleadings are insufficient to determine the amount in controversy, this Court may consider the allegation of the petition for removal and any affidavits submitted in opposition to remand. *See Kennard v. Harris Corp.,* 728 F.Supp. 453, 454 (E.D.Mich.1989). *Kennard* is also distinguishable from the instant case. Although *Kennard* uses the correct probability standard that the Sixth Circuit has adopted, *Kennard* does not specifically place the burden of proof on the removing party. For this reason, the Sixth Circuit has distinguished *Kennard. Gafford,* 997 F.2d at 158. This Court, understanding that the Sixth Circuit case is binding precedent, elects to follow *Gafford.* As a result, this Court will look to Defendant's Notice of Removal for proof of the amount in controversy.

■ In this case, Defendant merely states that "[b]ased upon the allegations in the Complaint, Plaintiff alleges damages in excess of Seventy–Five Thousand dollars

($75,000)." Defendant does not include one fact to support this statement. Moreover, a thorough reading of Plaintiff's Verified Complaint does not produce an allegation of damages in excess of $75,000. Plaintiff only asks for injunctive relief and "monetary damages." Nowhere within the Verified Complaint does Plaintiff place a value on the damages that would result if it were not granted injunctive relief. Defendant's conclusory statement in its Notice of Removal is not enough. This is especially true given the fact that Defendant did not even state a "good faith belief" that the amount in controversy was greater than $75,000. *See Laughlin,* 50 F.3d at 873; *see also Faasen,* 886 F.Supp. at 628.[2] Instead, Defendant relied on Plaintiff's Verified Complaint, which did not establish an amount in controversy.

The fact that Defendant attempts, in his Brief in Opposition to Plaintiff's Motion to Remand, to show the amount in controversy does not change the relevant case law. Defendant should have made these factual allegations in his Notice of Removal. The Court is concerned with creating a precedent allowing parties to divert from the rigors of procedural statutes and law. Recent case law from the Sixth Circuit and the Eastern District of Michigan explicitly place a burden on the removing party to state in the petition for removal factual allegations to support diversity jurisdiction. *See Laughlin,* 50 F.3d at 873; *see also Thompson,* 966 F.Supp. at 545. Defendant simply has not established diversity on the face of his Notice of Removal, and he has not met his burden of proving diversity jurisdiction in his Notice of Removal.

Therefore, the Court does not have subject matter jurisdiction, and it remands this case to the circuit court.

Defendant has also filed a Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Stay. As this Court has determined it does not have subject matter jurisdiction over this case, it denies Defendant's Motion to Dismiss as moot.

---

**2.** In *Faasen,* a case on which Defendant relies, the Court indicated that a good faith claim of a sufficient amount would provide a federal district court with jurisdiction. *Faa-* *sen,* 886 F.Supp. at 628. Defendant made no such "good faith" claim, and the case on which he relies actually cuts against him.