**William CARNAHAN and Beverly Carnahan, individually and as Next Friend for Melissa Hagan, Plaintiffs,**

v.

**SOUTHERN PACIFIC RAILROAD TRANSPORTATION COMPANY, Defendant.**

No. 1:95–CR–0866.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 21, 1995.

jurisdiction of the court. *Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252, 253–54 (5th Cir.1961). If the amount in controversy is unclear, the defendant must allege and "bears the burden of actually proving facts to support ... the jurisdictional amount." *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992); *see also McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

■ Recently, the Fifth Circuit has again discussed the correct standard for determining whether a removing defendant has satisfied its burden to prove the amount in controversy exceeds $50,000. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, (5th Cir.1995). The Fifth Circuit has adopted a two-step test when a plaintiff either pleads a specific sum under $50,000 or does not plead a specific amount at all. First, if it is "facially apparent" from the state court petition that the amount in controversy is likely to exceed $50,000, then the defendant need only point this out to successfully bear its burden. On the other hand, if such a determination is not apparent, then the defendant must prove by a "preponderance of the evidence" the jurisdictional facts in question. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993) (known as "*De Aguilar I*"); *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326 (5th Cir.1995) (finding that "*De Aguilar I* established that a party seeking removal of action that does not allege a specific amount need only prove the jurisdictional facts by a preponderance of the evidence").

■ This Court finds that the defendant has proven by a preponderance of the evidence that, as of the date of removal, the amount in controversy likely exceeded $50,000. Specifically, the defendant has provided exhibits establishing that the plaintiffs have asked for approximately $73,000 to settle this case. As economics help us understand, the

Thomas M. DeWitt, DeWitt Law Firm, Alvin, TX, for plaintiffs.

H. Daniel Spain, Jeffrey W. Hastings, Womble & Spain, Houston, TX, for defendant.

## *MEMORANDUM OPINION AND ORDER*

COBB, District Judge.

Before the Court is the Plaintiffs' Motion to Remand. After considering the Motion, and the defendant's response, the Court is of the opinion that the Motion should be DENIED.

This case arises from a collision between the plaintiffs' automobile and the defendant's train. The parties are diverse.[1] Each of the two plaintiffs are seeking damages for physical pain and mental anguish in the past and future as well as reimbursement for significant medical bills and related expenses.

The defendant's Notice of Removal alleged that it was facially apparent that the amount in controversy exceeded $50,000. In their Motion to Remand, the plaintiffs argued that the actual amount of total damages of both plaintiffs is less than $50,000.[2] The defendant correctly points out, however, that the amount in controversy is not equal to the out-of-pocket expenses to date. Instead, in cases like the one at bar, there are real contingencies that some medical problems related to this action are not yet manifest.

■ On motion to remove, it is the defendant who bears the burden of proving the

---

1. For this Court to have jurisdiction over this action pursuant to the diversity statute, in addition to complete diversity of parties, the amount in controversy must exceed $50,000 exclusive of costs and interest. 28 U.S.C. § 1332.

2. Remand may be ordered for either lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c); *see Buchner v. FDIC,* 981 F.2d 816, 820 (5th Cir. 1993). Here, the plaintiffs are urging this Court to remand the action due to a lack of diversity jurisdiction (i.e. subject matter jurisdiction).

rational amount for which one is willing to settle[3] is generally less than the maximum jury award that is reasonably plausible at the conclusion of a successful trial.[4] From an economic viewpoint, then, clearly there is greater than $50,000 in controversy.

Furthermore, common experience can and does inform this Court's judgment that the injuries to Mr. Carnahan and the young child clearly put the amount in controversy[5] over $50,000 for each plaintiff.

As this very Court noted, in determining whether a given personal injury suit presents an amount in controversy within its jurisdiction at the time of removal, a court may look to damage awards in similar cases. *De Aguilar v. Boeing Co.*, 790 F.Supp. 693, 694 (E.D.Tex.1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993).

The Plaintiffs' Motion to Remand is DENIED.

---

**3.** Interesting work has been done in formulaic treatment of settlement and lawsuit valuation. *See, e.g.*, Bruce Hay, *Effort, Information, Settlement, Trial*, 24 J.Legal Stud. 29 (1995). For relevant discussions of litigation game theory, settlement dynamics, and economic analyses of optimal investments, refer to the recent work of Professor Bruce Hay, Harvard Law School.

**4.** The precise definition of amount in controversy has eluded extensive discussion in the common law. The value of a suit has been the focus of many scholarly pieces. That value is a function of the type of case, investment in litigation and discovery, quality of attorneys, likelihood of success, and many more factors.

Certainly the amount in controversy does not mean the expected value of the suit. The value of the suit is always discounted by the probability of an unsuccessful verdict. Hence, the amount in controversy will exceed the expected value of the suit. Thus, settlement offers (which will converge around the subjective beliefs of the attorneys about the value of the suit) are compelling evidence of the minimum amount in controversy.

**5.** It seems to this Court that the term "amount in controversy" is determined by considering what would be a reasonably probable high-end award in cases similar to the one in question. In other words, amount in controversy is similar to the expression "possible exposure" to liability.

One could think about this in terms of statistics: a case meets the amount in controversy requirement when the $50,000 falls within two or three standard deviations from the mean award for similar cases. Put another way, if $50,000 falls within, say, a 95% confidence interval for successful damage awards, then the case meets the amount in controversy requirement.