**James Christopher CROSS, Plaintiff,**

v.

**BELL HELMETS, USA and Bell Helmets, Inc., Defendants.**

**No. 1:95–CV 0178.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 18, 1996.

Jill Swearingen–Chatelain, Joe J. Fisher, II, Provost & Umphrey, Beaumont, TX, for plaintiff.

Kyle M. Rowley, Holloway & Rowley P.C., Houston, TX, for defendants.

## MEMORANDUM

COBB, District Judge.

Today, the court considers two related motions: Plaintiff's Motion for Leave to Amend and Plaintiff's Motion for Remand. The plaintiff in this products liability case[1] wishes to amend his complaint "in effect capping" the defendant's liability at $50,000 exclusive of costs and interest. The only apparent reason for such a pleading strategy is to divest this court of jurisdiction.[2]

Plaintiff's pleading appears to resemble both the work of the tailor to the emperor who wore no clothes and the often varied and sometimes unusual remand strategies presented by certain attorneys practicing in the Eastern District bar who find themselves in this court. That said, today's clear ruling based upon settled principles of Fifth Circuit law might amaze some counsel in this district as much as it concerns this court to have to announce it one more time.

■ Since federal courts are courts of limited jurisdiction, for this court to have subject matter jurisdiction over this diversity action, some provision of the federal jurisdiction statute must confer upon the court such power. The present case implicates federal diversity jurisdiction analysis. If the parties are completely diverse in citizenship and the amount in controversy exceeds $50,000, then the dispute falls within the diversity jurisdiction of the federal courts.[3]

1. The plaintiff was involved in a motorcycle crash while wearing a helmet allegedly designed, manufactured, distributed, and marketed by the defendants in this case. The plaintiff alleges that many of his permanent damages were proximately caused by the unreasonable risks associated with the design and marketing of the helmet.

2. Although the plaintiff would instead contend that the amended complaint simply clarifies the damages originally sought, this characterization fails for want of invoking any recognizable form of logical reason.

3. Of course, not all otherwise proper diversity suits are removable. For example, actions which arise under the worker's compensation laws of a state are not removable. Also, a resident defendant may not remove a case under diversity of citizenship even though the plaintiff could have sued the resident defendant in federal district court had it so chosen. It is clear, then, that original subject matter jurisdiction and removal jurisdiction, although intimately related, are two separate concepts in the federal courts.

There has been an understandable yet sloppy rule of thumb that many practitioners and judges alike have promulgated regarding subject matter jurisdiction. The misstatement is that a court has subject matter jurisdiction over a removed case if that case could have been originally brought in federal court. This is wrong. Removal jurisdiction is both more expansive and more restricted than the sum of original diversity and original federal question jurisdiction. There are cases which can be removed which could not have been brought originally in federal court. *See, e.g.,* 28 U.S.C. § 1442. Likewise, there are cases which do not fall within the subject matter jurisdiction of the federal courts if pursued

## ANALYSIS

### I. The Case Was Properly Removed.

■ Pursuant to 28 U.S.C. sections 1441 and 1446, the defendants timely[4] removed the state action to this federal forum. A federal district court always must determine whether it has subject matter jurisdiction to hear a case. Thus, even in the absence of a timely motion for remand filed by the plaintiff, a court must independently examine whether it has the power to hear a case.

### A. Burden is on defendant to prove proper removal.

■ In determining whether a case has been properly removed, it is the defendant who bears the burden of proving the jurisdiction of the court. *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir.1961); *see also* 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3739 (1985) ("The burden is on the party seeking to preserve the removal, not the party moving for remand.").

■ In this suit, the state court petition did not allege any specific damage amount. Under removal analysis, if the amount in controversy is unclear, the defendant must allege and "bears the burden of actually proving facts to support … the [requisite] jurisdictional amount." *Gaus v. Miles, Inc.*,

980 F.2d 564, 567 (9th Cir.1992); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

### B. Standard of proof depends on allegations in state petition.

There are different formulations of the defendant's burden of proof depending on the nature of the plaintiff's damage allegations in the state court petition. The following sections set forth the different tests in the Fifth Circuit for determining whether the amount in controversy meets the jurisdictional requisite.

#### 1. Amount in controversy is specifically plead.

■ In resolving disputes regarding the appropriate amount in controversy when damages have been specifically plead in dollars, the plaintiff's petition controls unless the defendant demonstrates that the sum was claimed in bad faith. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

#### a. Amount plead is below $50,000.

■ It is recognized that as general rule, a plaintiff may avoid federal diversity jurisdiction by pleading state court damages below the amount necessary to invoke diversity jurisdiction.[5] However, in Texas where a plain-

---

through removal. Like it or not, Congress has so legislated. For example, when the parties are diverse, a federal district court has the power (the subject matter jurisdiction) to hear a state cause of action arising out of the state worker's compensation laws which is brought in federal court originally. However, that same court could not hear the same state cause of action if it were removed from state court regardless of the timeliness or untimeliness of a remand motion. *But see Baris v. Sulpicio Lines*, 932 F.2d 1540 (5th Cir.), *cert. denied*, 502 U.S. 963, 112 S.Ct. 430, 116 L.Ed.2d 449 (1991) (stating that a procedural defect within the meaning of section 1447(c) is "any defect that does not go to the question whether the case originally could have been brought in federal district court"); *Williams v. AC Spark Plugs*, 985 F.2d 783 (finding that wrongful removal under § 1445(c) in the Fifth Circuit just as wrongful removals under §§ 1445(a) and 1441(b) are procedural defects that can be waived); *Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560 (5th Cir. 1995) (finding that a district court has no power

to remand a wrongfully removed case if plaintiff fails to timely move to remand and if the case could have originally been brought in federal court). This court humbly believes that removal is not a means to invoke original jurisdiction but rather an entirely distinct head of jurisdiction.

4. This civil action was removed from the 60th Judicial Court of Jefferson County within the thirty-day window provided by statute. 28 U.S.C. § 1446(b).

5. *See* 1A J. Moore & B. Ringle, MOORE'S FEDERAL PRACTICE P 0.157[6] at 133 (2d ed. 1989); 14A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3725 at 418–19 (2d ed. 1985); *St. Paul Mercury*, 303 U.S. at 294, 58 S.Ct. at 592; *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890, *reh'g denied*, 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961) (observing that the "general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in

tiff as a legal matter can recover more than the damages plead in its petition, a plaintiff who pleads less than the federal jurisdictional requisite cannot always foreclose removal.

### b. Amount plead is above $50,000.

In situations where the plaintiff pleads for damages in excess of the jurisdictional requisite, a defendant bears its burden of proof regarding the propriety of removal by simply pointing this fact out in its removal petition.

### 2. Amount of controversy is not plead specifically.

When there is no total amount of dollar damages plead, as in the case *sub judice*, the defendant's burden of proof differs depending on the nature of the claims. The Fifth Circuit has adopted a two-step test when a plaintiff either pleads a specific sum under $50,000 or does not plead a dollar amount at all. *Carnahan v. Southern Pacific Railroad Transportation Co.*, 914 F.Supp. 1430 (E.D.Tex.1995); First, if it is "facially apparent" from the state court petition that the amount in controversy is likely to exceed $50,000, then the defendant need only point this out to successfully bear its burden.[6] On the other hand, if such a determination is not apparent, then the defendant must prove by a "preponderance of the evidence" the jurisdictional facts in question. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993) (known as *"De Aguilar I "*); *Allen v. R & H Oil & Gas Co.*, 63 F.3d. 1326, 1336 (5th Cir.), *reh'g denied,* 70 F.3d 26 (1995) (finding that *"De Aguilar I* established that a party seek-

ing removal of action that does not allege a specific amount need only prove the jurisdictional facts by a preponderance of the evidence").[7]

### C. No specific damage amount was plead in this case.

As stated above, in this case where no dollar amount of damages has been plead, one of two conditions must be met to find that the amount in controversy meets the jurisdictional requisite: either (1) it must be facially apparent that the damages sought likely exceed $50,000 or (2) the defendant must have proven by a preponderance of the evidence that the damages sought likely exceed $50,000.

There are cases in which the court's independent evaluation of jurisdiction reveals that jurisdiction exists on removal, even though the defendant makes only a conclusory assertion of jurisdiction and that assertion is contested in a motion to remand. *Asociacion Nacional v. Dow Quimica,* 988 F.2d 559, 566 n. 9 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).

Although some outside the field of law may not believe that it is facially apparent in this case that the amount in controversy will be at least $50,000, common experience[8] does inform the court that this case will involve an amount in controversy exceeding $50,000. In today's legal climate, whenever exemplary damages are sought in a

---

some way shown that the amount stated in the complaint is not claimed 'in good faith' ") (footnote omitted).

6. As discussed in section II of this memorandum, if a plaintiff stipulates that it will seek to collect damages below the jurisdictional requisite ($50,-000), then a plaintiff will foreclose removal to federal court under diversity jurisdiction. If, however, a plaintiff merely prays for damages below the jurisdictional requisite, the defendant may show that the actual amount in controversy exceeds the prayer for damages.

7. It is important to remember that according to *de Aguilar II,* even if a defendant bears its burden of establishing by a preponderance of evidence that the amount in controversy exceeds $50,000, the case will still be dismissed or remanded if it is *legally certain* that the claim is really for less

than the jurisdictional requisite. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (*de Aguilar II* ), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) ("[W]e hold that if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint.").

8. As this very court noted, in determining whether a given personal injury suit presents an amount in controversy within its jurisdiction at the time of removal, a court may look to damage awards in similar cases. *Carnahan v. Southern Pacific Railroad Transportation Co.,* 914 F.Supp. 1430, 1431 (E.D.Tex.1995); *De Aguilar v. Boeing Co.,* 790 F.Supp. 693, 694 (E.D.Tex.1992), *aff'd,* 11 F.3d 55 (5th Cir.1993).

products liability case from a corporate defendant, $50,000 certainly is not a high-end award. Furthermore, the compensatory damages alone in a case involving severe and permanent head injuries often will subject a tortfeasor to possible exposure well beyond the jurisdictional minimum of this court.

Because it is apparent from the face of the state court petition that the amount in controversy exceeds $50,000, it is unnecessary for the defendant to otherwise prove by a preponderance of the evidence this jurisdictional fact.

## II. Effect of Damage Stipulations.

■ If a plaintiff binds itself to collect an amount in damages below the jurisdictional requisite necessary for federal removal by stipulation in state court, then a defendant cannot invoke federal removal jurisdiction because the amount in controversy requirement will not have been satisfied. The rationale behind this clear-cut rule is simple: it is legally certain that the action will not implicate an amount in controversy large enough to confer jurisdiction of the federal courts.[9]

■ On the other hand, a stipulation submitted subsequent to removal that damages

do not exceed $50,000 does not affect jurisdiction when the original complaint satisfied the amount in controversy requirement.[10] The plaintiff may not divest a court's jurisdiction by filing a post-removal amendment which reduces the amount of damages requested by the complaint below the jurisdictional requisite.[11]

## III. Amendment Stipulating Damages Will Not Be Permitted.

This court has found that the underlying state action was properly removed to this court. It is readily apparent that the amount in controversy will exceed $50,000 given the nature of the alleged injuries coupled with the request for punitive damages. The plaintiff now asks leave of court to amend his complaint to stipulate that the total amount of compensatory and punitive damages sought will be below $50,000.

■ Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they *clarify* as opposed to *amend* an original petition.[12] Often is it impossible to judge from the plaintiff's petition what the scope of

---

9. Although there has been much commentary about the purposes and policies behind diversity jurisdiction given the realities of today's world where there seems to be less risk of discrimination among individuals from different states based on their resident status, Congress has not yet moved toward any severe restrictions on this jurisdictional avenue.

10. *Reisman v. New Hampshire Fire Ins. Co.*, 312 F.2d 17, 19 (5th Cir.1963) ("The decisions under 28 U.S.C.A. § 1447 make it clear that once jurisdiction has attached, it cannot be subsequently divested."); *De Aguilar I*, 11 F.3d 55, 58 n. 3 (citing Reisman with approval).

11. *Angus v. Shiley*, 989 F.2d 142, 145 (3rd Cir. 1993). See also *Allen v. R & H Oil & Gas Co.*: "Once the district court found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal. An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction." 63 F.3d at 1336.

12. There are several cases which imply this synthesis. Although most originate outside the Fifth Circuit, some of the analysis is somewhat persuasive.

Unlike the [St. Paul] scenario, [the plaintiff's] subsequent stipulation did not have the effect of changing the information for the first time.... The practical result is that when faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff, as here, provides that information.... This rule conforms with [St. Paul] as it applies only when the complaint does not state a removable case, not when a plaintiff files an action that is removable and then changes the status of the case to defeat removal.

*Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D.Ky.1990) (cited with approval in *Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479 (D.S.C.1994)). Other cases which might be read to support the *Cole* analysis include: *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 n. 2 (3rd Cir.1993); *Asociacion Nacional v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); *Griffin v. Holmes*, 843 F.Supp. 81, 88 (E.D.N.C.1993); *Workman v. Kawasaki Motors Corp.*, 749 F.Supp. 1010 (W.D.Mo.1990); *Dirosa v. Grass*, 1994 WL 583276 *1 (E.D.La.1994); but

damages might be.[13] It is the duty of a defendant who is contemplating removal to determine whether the amount in controversy meets the jurisdictional requirement for federal diversity jurisdiction.[14] This can be accomplished through state court procedures[15] or independent investigation.[16] Of course, if a defendant does not bear its burden, then a post-removal stipulation may help clarify for the court the nature and extent of damages sought if it is truly unclear from the face of the state court petition.[17] In general, however, a plaintiff's post-removal stipulation attempting to reduce the damages sought to an amount below the jurisdictional requisite will not operate to divest a federal court of removal jurisdiction pursuant to diversity.

The venerable and inveterate opinion of *St. Paul Mercury* plainly holds that plaintiffs cannot amend away jurisdiction.

If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election.

*Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

*Id.* at 292, 58 S.Ct. at 591.

A plaintiff's stipulation after removal that her damages do not exceed $50,000 has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply be amending a complaint that initially satisfied the monetary floor requirement. *Angus v. Shiley Inc.*, 989 F.2d at 145; *see also De Aguilar I*, 11 F.3d at 57 (holding the amount in controversy is determined from face of the complaint).

## IV. Conclusion.

The plaintiff in the present case did not "resort to the expedient of suing for less than the [federal] jurisdictional amount." [18] This would have assured that the action would be

see *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992).

**13.** No post-removal events can deprive a court of its jurisdiction once it has attached; however, in one Fifth Circuit case, the court held that post-removal affidavits clarified a petition that left the jurisdictional question ambiguous. The court held that under some circumstances subsequently proffered evidence may be considered if the court still is examining the jurisdictional facts *as of the time of removal. Asociacion Nacional v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994)

**14.** If a defendant makes no compelling arguments at the time of removal why a federal court has jurisdiction over an action, then the defendant generally will have failed to meet its burden of proving jurisdiction. In such situations, the fact that a remand motion is untimely will not foreclose remand—all federal courts have an independent duty to consider issues of subject matter jurisdiction at any time during the life of a lawsuit.

**15.** For example, in Texas a special exception can be lodged to clarify the amount of damages a plaintiff is alleging. Tex.R.Civ.P. 47.

**16.** *Asociacion Nacional v. Dow Quimica*, 988 F.2d 559, 565 n. 7 (5th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994) ("If defendants wish to avoid the procedure of removing a case and then having it remanded after the plaintiff comes forward with an affidavit specifying his damages, there are other avenues available for clarifying an indeterminate complaint").

**17.** If a court cannot determine from the face of the complaint whether a claim is necessarily outside the range that could confer federal jurisdiction, then the plaintiffs' attorney's affidavit stating that damages are less than $50,000 per plaintiff may be considered by the court in deciding whether remand is proper. *Asociacion Nacional v. Dow Quimica*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994); *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3rd Cir.1993) ("Where a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subséquent stipulation as clarifying rather than amending an original pleading").

**18.** *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 294, 58 S.Ct. at 593.

non-removable. The petition in this case seems to have been artfully and consciously drawn to permit removal at the defendants' option. The rule is extremely simple: If the plaintiff desires to stipulate damages less than $50,000, do so in the state court, and the case will not be removable.

Plaintiff's Motion for Leave to Amend and Plaintiff's Motion to Remand are DENIED.