**MONTICELLO INSURANCE COMPANY, Plaintiff,**

v.

**PATRIOT SECURITY, INC., Defendant.**

No. 1:95–CV–964.

United States District Court,
E.D. Texas,
Beaumont Division.

May 2, 1996.

98

Robert Etnyre, Jr., Kenneth Kuykendall, Tobi Tabor, Houston, for plaintiff.

Jacqueline M. Stroh, Beaumont, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

### I. BACKGROUND.

In this declaratory judgment action, the court today addresses Defendant's Motion to Dismiss. The motion is predicated upon two arguments: jurisdiction and justiciability. Monticello Insurance Company (Monticello) brought this action to determine its rights and obligations vis-a-vis Patriot Security, Inc. (Patriot) pursuant to an indemnity insurance contract. The terms of the insurance con-

tract are in dispute due to a pending action is state court where Patriot is being sued upon various theories of negligence.[1] Monticello, pursuant to the Declaratory Judgment Act,[2] filed this suit to determine its duty to defend and duty to indemnify.

### II. ISSUES PRESENTED.

Patriot urges two reasons for dismissal of this suit. First, the defendant argues that the court does not have subject matter jurisdiction over this action. Under the Declaratory Judgment Act, relief in the form of declarations of rights may be sought in federal court if the suit otherwise satisfies subject matter jurisdiction. Here, the plaintiff invokes the diversity jurisdiction of the court.[3] The defendant, however, argues that because no amount in controversy has been plead, the plaintiff has not shown that this court has jurisdiction over the case.

Second, Patriot argues for dismissal of the duty to indemnify issue. Patriot alleges that because Monticello wishes the court to declare its rights prospectively for any judgment it may incur in the related state proceeding, there is no case or controversy as to this part of the federal suit.[4] The defendant cites a number of Texas Supreme Court cases [5] which clearly hold that in Texas state court declaratory judgment actions no judgment may be pronounced regarding an insurer's duty to indemnify an insured prior to the conclusion of the related liability suit.

### III. ANALYSIS.

#### A. Jurisdiction.

◼ In this declaratory judgment action, the defendant asks the court to dismiss this suit pursuant to FRCP 12 due to an insufficient amount in controversy. In the underly-

---

1. In 1993, Sharond Gerard alleges in the related action that she answered her door at her apartment complex and acid was thrown in her face. Subsequently, she sued the defendant in this case in state court for negligence-related claims. The state court case of *Sharond Gerard vs. Delta Security, Inc., Patriot Security, Inc. and Western Property Management, Inc.*, cause A–15135, 58th District Court in Jefferson County was filed on March 23, 1995.

2. 28 U.S.C. § 2201, *et seq.*

3. 28 U.S.C. § 1332.

4. "In the trial court, of course, a party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, 113 S.Ct. 1967, 1974, 124 L.Ed.2d 1 (1993) (citation omitted).

5. The central holdings of this line of cases is called *the Burch doctrine*.

ing state action, where Patriot is also being sued, special exceptions have been filed requesting that the state court plaintiff specifically plead the maximum amount of damages sought. A ruling has not yet been obtained. Plaintiff wishes this court to dismiss this case if the state court plaintiff repleads for an amount equal to or less than $50,000 not including costs and interest.

Legal consequences of the federal action and the related state action differ substantially. The amount in controversy in a federal declaratory judgment action seeking a declaration of rights regarding duties to defend and indemnify is not necessarily coextensive with the possible exposure of the insured in a related state court proceeding. Of course, if the policy limit is low, a declaratory judgment action for indemnification may be below the amount of exposure. However, if the policy limit is relatively high, then the amount in controversy in the coverage action will generally exceed the amount in controversy in the state action. For example, the federal action can declare that an insurer is liable for the entire judgment in state court, the costs in state court of an unsuccessful defense, and possibly damages for abrogation of its duty to defend.

Observing that the amount in controversy in this declaratory judgment action is related but is not necessarily equivalent to the amount in controversy in the state court case means that the court must itself determine if the jurisdictional requisite is in controversy.[6] The court holds that it need not wait for answers to the special exceptions in the state court case to find that this court has subject matter jurisdiction over this action. Although it is settled that when damages have been specifically plead in dollars, the plaintiff's petition controls unless the defendant demonstrates that the sum was claimed in bad faith,[7] here the amount in controversy was not specifically plead.

Various liability exposure issues can be readily adduced from even a cursory reading of the plaintiff's petition in the underlying state court action.[8] The state court plaintiff is claiming past and future medical expenses, loss of earnings and earning capacity, mental anguish, physical pain and suffering, permanent physical impairment, and permanent disfigurement for an injury resulting from acid being thrown in her eyes and face.[9] The state court plaintiff also seeks punitive damages against the insured. In addition to these damages, the amount in controversy in this federal action includes attorneys' fees and expenses associated with the defense of the underlying lawsuit. Considering the possible indemnification, the defense fees and costs, and a possible exemplary damage award, it is clear that the amount in controversy in this declaratory judgment action exceeds the jurisdictional requisite.

## B. Justiciability.

### 1. The Burch Doctrine.

Even more fundamental than subject matter jurisdiction based upon diversity, federal question, or removal analysis is the Article III requirement of justiciability. For an action to be justiciable, it must present an actual *case or controversy*.[10] Patriot asserts

---

**6.** Indeed, the amount in controversy in this case exceeds the damages sought in the state court case. Even so, the defendant is right that there are many circumstances where a plaintiff in a declaratory judgment action may fail to adequately prove jurisdiction of the court.

**7.** *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938).

**8.** The state plaintiff did not plead a specific dollar amount of damages in its petition.

**9.** For the proposition that a court may draw damage awards in similar cases to determine whether a personal injury lawsuit presents an amount in controversy within its jurisdiction, see *Carnahan v. Southern Pacific Railroad Transportation Co.,* 914 F.Supp. 1430, 1431 (E.D.Tex. 1995) and *De Aguilar v. Boeing Co.,* 790 F.Supp. 693, 694 (E.D.Tex.1992), *aff'd,* 11 F.3d 55 (5th Cir.1993).

**10.** The very Declaratory Judgment Act statute itself makes explicit the Article III requirement that a federal district court only has power to enter a declaratory judgment "[i]n a case of *actual controversy* within its jurisdiction." 28 U.S.C. § 2201 (emphasis added). A district court is without the power to grant declaratory relief if no actual controversy exists. *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 272, 61 S.Ct. 510, 511, 85 L.Ed. 826 (1941).

this court does not have the power to hear part of this case because to do so would be prospectively ascribing contingent liabilities.

■ Courts throughout the state have followed a line of Texas Supreme Court cases making plain that in Texas a declaratory judgment on an insurer's duty to indemnify entered before the liability of the insured has been found is advisory in nature and therefore prohibited. *See Firemen's Ins. Co. of Newark v. Burch*, 442 S.W.2d 331 (Tex.1968) (holding that trial court's declaration of duty to indemnify before underlying liability of insured was established is an advisory opinion and therefore void); *Central Surety & Ins. Corp. v. Anderson*, 445 S.W.2d 514 (Tex. 1969) (striking trial court declaratory judgment regarding duty to indemnify an insured entered prior to the conclusion of a related damages trial as fundamental error). The Texas courts have interpreted Texas law [11] as precluding state courts from hearing the very type of controversy which presents itself today in this court.

Admittedly, to some degree this reasoning is intriguing and inviting. There is some merit in the notion that before an insured's liability and basis for that liability is established, it may be problematic to proclaim that an insurer be obligated to indemnify the insured. However, practical considerations of specific application aside, it does seem possible and often salutary to declare the legal effects and construction of an insurance contract. An indemnification pronouncement is no more judicial overreaching as judicial review is judicial legislating.

Recognizing it is this court's duty to pronounce the legal effects of legal documents in controversy, the court turns to the relevant precedent. In the past, both the Supreme Court and the Fifth Circuit have established that a controversy exists in situations like the one before the court today. *See Maryland Casualty v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941) (holding that an insurer's federal declaratory judgment action on coverage issue was sufficiently ripe for resolution even prior to the underlying state court liability action proceeding to judgment); *Hardware Mut. Casualty Co. v. Schantz*, 178 F.2d 779 (5th Cir. 1949) (finding in a declaratory judgment action in a Texas diversity case that indemnity issue was an actual controversy concerning rights, whether contingent or liquidated, valued in excess of jurisdictional requisite).

Moreover, even beyond the time the Texas Supreme Court's *Burch* opinion came out, federal courts sitting in diversity continued to decide issues of indemnification before the insured's underlying liability had been established.[12] Indeed, two district courts in the Northern District of Texas have addressed this very practice. The precise reason why the federal courts of this state are willing to decide the indemnification issue, however, needs to be fully explained.[13]

### 2. *The Burch Doctrine* is Founded Upon An Incorrect Interpretation of Federal Law.

Examining *the Burch doctrine's* import to this case is essential. It could be argued that *the Burch doctrine* is part of Texas

---

11. It occurs to this court that the substantive law of a state includes its application and interpretation of state common law, state statutes, state regulations, federal statutes, federal regulations, and the Constitution.

12. *See, e.g., Old Republic Ins. Co. v. Comprehensive Health Care Associates*, 2 F.3d 105 (5th Cir. 1993); *Acceptance Ins. Co. v. Walkingstick*, 887 F.Supp. 958 (S.D.Tex.1995); *American Guarantee & Liability Ins. Co. v. Shel–Ray Underwriters, Inc.*, 844 F.Supp. 325 (S.D.Tex.1993). The Ninth Circuit has analyzed these issues with regularity. *See, e.g., American States Ins. Co. v. Kearns*, 15 F.3d 142, 144–45 (9th Cir.1994); *Aetna Casualty & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir.1992).

13. The first court explains in a footnote that "the federal courts have a more sensible view of the goal of declaratory judgment practice [than do the Texas state courts] and have approved declarations on those subjects, which are essential to a full resolution of insurance coverage disputes." *Ohio Casualty Ins. Co. v. Cooper Machinery Corp.*, 817 F.Supp. 45 (N.D.Tex.1993) (J. McBryde).

The second court holds that in a declaratory judgment action based on diversity, "federal law governs whether a justiciable controversy exists." *Standard Fire Ins. Co. v. Sassin*, 894 F.Supp. 1023 (N.D.Tex.1995) (J. Sanders). Although, this second treatment is very close to how the court holds today, important issues of federalism and

substantive law and thus should be respected in federal diversity cases.[14] What precisely is a diversity case hinges upon the existence of an amount in controversy. If Texas declares that there is no amount in controversy in an insurance coverage dispute before a judgment against an insured is obtained, then can that matter be properly before a federal court under the Declaratory Judgment Act?

■ Neither party has attempted to reconcile the divergent practices of the state and federal courts. The court now takes up this task. Although the federal Declaratory Judgment Act grants jurisdiction where there is an *actual controversy*, jurisdiction is also dependent upon satisfying the requirements of another federal jurisdictional statute—the suit must satisfy another basis of subject matter jurisdiction (such as federal question, diversity, or removal). In other words, that there be an actual controversy is a necessary but insufficient condition for Declaratory Judgment Act jurisdiction to attach. The statutory jurisdictional predicate in this case is diversity jurisdiction.

Clearly, diversity jurisdiction requires that the amount in controversy of the state claims exceeds the $50,000 threshold. If this court holds that under Texas law there is no amount in controversy in a coverage suit prior to final judgment on liability of the insured, then clearly the requirements for diversity jurisdiction have not been satisfied.

How to determine what precisely is a case or controversy, although clearly subject to debate, is a question of law resolved under the authority of Article III. Although a state may statutorily eliminate a cause of action or develop in its common law certain hurdles that must be overcome before a cause of action accrues, it may not override a federal interpretation of the Constitution. Because the Texas Supreme Court has established that *the Burch doctrine* is an application of federal Constitutional law (namely Article III), this court is obligated to review that analysis.

■ Interestingly enough, federal courts sitting in diversity are not at all times required to follow state substantive law. The highest state court's application of state law that involves interpreting a federal statute or the Constitution is persuasive authority and not binding precedent on federal courts applying that state law.[15] The court is bound by the "mandate rule" to follow the Supreme Court's interpretation of the Constitution. *Hutto v. Davis*, 454 U.S. 370, 375, 102 S.Ct. 703, 706, 70 L.Ed.2d 556 (1982). An actual controversy, according to binding federal interpretations of Article III, exists in Texas diversity cases involving contingent indemnification. In other words, federal district courts applying Texas law can determine the right of indemnification by an insurer to an insured before the underlying liability of insured is established.

## IV. CONCLUSION.

■ Consistent with the analysis above, the court DENIES the defendant's motion to dismiss based upon lack of subject matter jurisdiction. The amount in controversy in this case meets the jurisdictional requirement. First, the nature of the damages in the underlying state suit added to the costs of defense and possibility of exemplary damages brings the amount in controversy within this court's jurisdiction while sitting in diversity. Second, under Texas diversity law there is an actual controversy regarding an insurer's duty to indemnify an insured, even before that insured has been found liable.

Although district courts have the power to hear all parts of cases such as the one at bar, there are situations where it may be economically inefficient to decide an insurance coverage issue before all the facts in the underlying liability suit have been litigated. Likewise, it may be inefficient at times

comity are overlooked without providing a few more steps of analysis.

**14.** See *Canutillo Ind. School District v. National Union Fire Ins. Co.*, 900 F.Supp. 844 (W.D.Tex. 1995), for the proposition that in a declaratory judgment suit in federal court based on diversity action, the duty to indemnify is determined under Texas law.

**15.** States have courts of general jurisdiction, and many federal statutes provide for concurrent jurisdiction. For these and other reasons, state substantive law includes state interpretations and applications of federal law.

**102**

to fail to resolve all the coverage issues at once. The beauty of the federal Declaratory Judgment Act is that it affords the district courts discretion in determining whether or not to exercise jurisdiction even when it has been established. 28 U.S.C. § 2201; *Brill-hart v. Excess Ins. Co.*, 316 U.S. 491, 494–96, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942). For reasons of economy, at this time the court will refrain from deciding the issue of indemnification.