**Loraine SCOTT, Plaintiff,**

v.

**The KROGER CO., Defendant.**

**No. 2:97CV48–B–B.**

United States District Court,
N.D. Mississippi,
Delta Division.

Oct. 3, 1997.

Ellis Turnage, Cleveland, OH, for Plaintiff.

William O. Luckett, Jr., Luckett Law Firm, Clarksdale, MS, for Defendant Kroger Co.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause comes before the court on the plaintiff's motion to remand. The court has duly considered the parties' memoranda and is ready to rule.

The notice of removal alleging diversity jurisdiction was filed on March 24, 1997. The motion to remand for lack of subject matter jurisdiction was filed on July 7, 1997. The notice of removal states in part: "[W]hile the monetary suit demand is $74,000.00, the actual amount in controversy exceeds $75,000.00, exclusive of interest and costs." The complaint alleges that the plaintiff slipped and fell on the wet floor of the entrance area of the defendant's store, as a result of the defendant's negligence in failing to maintain its premises in a reasonably safe condition and in failing to warn of known hazards and conditions. The complaint alleges that the plaintiff "has been damaged in an amount not less than $74,000.00 in compensatory damages and special damages." The *ad damnum* clause states:

> Wherefore, Plaintiff demands judgment of and from the Defendant in the amount

of $74,000.00 [1] prejudgment interest, attorneys' fees and all costs accruing in this action.

The notice of removal alleges that the defendant "believes that the Plaintiff is demanding far more than $1,001.00 in attorneys' fees." In the motion to remand, the plaintiff concedes that, under Mississippi law, attorney's fees are unavailable in slip and fall negligence cases [2] and "stipulates that she will not seek more than $74,000 if her case is remanded to state court."

 The defendant erroneously asserts that the motion to remand is untimely. 28 U.S.C. § 1447(c) provides in part:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded.

(Emphasis added). *E.g., Burks v. Amerada Hess Corp.,* 8 F.3d 301, 304 (5th Cir.1993); *Buchner v. F.D.I.C.,* 981 F.2d 816, 817 (5th Cir.1993). An objection to the subject matter jurisdiction of this court may be raised by any party at any time in the course of these proceedings or by the court *sua sponte.* The instant motion challenges the court's subject matter jurisdiction and therefore does not fall within the 30–day limitations period.[3]

 The request for unspecified attorney's fees in the *ad damnum* clause raises the issue whether the actual amount in controversy meets the jurisdictional minimum. Since removal jurisdiction is generally determined on the basis of the state court complaint at the time of removal, a plaintiff cannot defeat removal by amending the complaint. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 265 (5th Cir.1995) (proposed amendment sought to allege a valid claim against a nondiverse defendant in a case removed on the ground of fraudulent joinder). In a case involving an unspecified amount of damages pled in the complaint, the Fifth Circuit allowed an affidavit of the plaintiff's attorney limiting the amount of damages sought:

Although ... a plaintiff may not defeat removal by subsequently **changing** his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached, *St. Paul Mercury [v. Red Cab Co.],* 303 U.S. [283] at 292, 58 S.Ct. [586] at 592 [82 L.Ed. 845 (1938)], in this case the affidavits clarify a petition that previously left the jurisdictional question ambiguous. Under those circumstances, the court is still examining the jurisdictional facts **as of the time** the case is removed, but the court is considering information submitted after removal.

*Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A.* [hereinafter *ANPAC* ], 988 F.2d 559, 565 (5th Cir.1993), *cert. denied,* 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994). *See De Aguilar v. Boeing Co.* [*De Aguilar II*], 47 F.3d 1404, 1406 (5th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995) ("post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved") (citing *ANPAC,* 988 F.2d at

---

1. The omission of a comma appears to be a typographical error.

2. Attorney's fees may be included in the computation of the actual amount in controversy if attorney's fees are recoverable under the applicable law. *Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir.1990). Under Mississippi law, "[a]ttorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified." *Aetna Cas. & Sur. Co. v. Steele,* 373 So.2d 797, 801 (Miss.1979). *See Central Bank of Mississippi v. Butler,* 517 So.2d 507, 512 (Miss.1987) ("in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages in a case unless punitive damages are also proper").

3. Under § 1447(c), as amended on October 1, 1996, a plaintiff must file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days after the removal or waive all such defects. *See In re Shell Oil Co.,* 932 F.2d 1518, 1523 (5th Cir.1991) (construing 30–day time limit on motions to remand "on the basis of any defect in removal procedure" under the 1988 version of § 1447(c)), *cert. denied,* 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); *Delgado v. Shell Oil Co.,* 890 F.Supp. 1315, 1318 n. 4 (S.D.Tex. 1995).

565); *Cross v. Bell Helmets, USA,* 927 F.Supp. 209, 214 (E.D.Tex.1996) ("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they **clarify** as opposed to **amend** an original petition").

The plaintiff has established that at the time of removal it was legally certain that she was not able to recover any amount for attorney's fees.[4] In stipulating that she will not seek to recover more than $74,000, the amount of damages specified in the complaint, the plaintiff merely abandons a claim which cannot reasonably be included in the actual amount in controversy. Since the amount in controversy does not meet the jurisdictional minimum, this cause must be remanded to state court for lack of diversity jurisdiction.

An order will issue accordingly.

---

**4.** The defendant does not dispute that attorney's fees are not allowable in simple negligence cases in Mississippi.